UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Amilcar Miranda, *aka Amilcar Miranda Valentin*, | ) |
|---|---|
| Plaintiff, | ) C/A No. 6:12-1649-TMC-KFM |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Rockwell Medical Tech Inc.; Daniel Baker; Kimberly Gregorio, | ) |
| Defendants. | ) |

Plaintiff, Amilcar Miranda Valentin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil rights action against Defendants, seeking monetary and injunctive relief. Plaintiff's complaint is construed as asserting an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2001(e), *et seq.*, based on the Notice of Suit Rights issued by the Equal Employment Opportunity Commission ("EEOC") attached to the complaint (ECF No. 1-7). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

*PRO SE* AND *IN FORMA PAUPERIS* REVIEW

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, the requirement of liberal construction does not require a court to ignore failures in the complaint to allege facts necessary to establish a claim or to "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

BACKGROUND

In the complaint, Plaintiff alleges, verbatim, "I lost my job due to the neglect of the company and feel that they should compensation of the lost of my salary since they denied my work compensation to pay my medical bills and treatments and now I have gotten worst due to lack of medical treatment." ECF No. 1, p. 3. He claims the company neglected to provide proper safety equipment and only properly cleaned the facility a day prior to federal regulatory inspection, which caused his health problems. ECF No. 1, p. 4. Plaintiff seeks monetary compensation "due to company neglation on not having the employee equip with mask & proper uniform at all times," as well as injunctive relief to have "company clean & employee properly equipped." ECF No. 1, p. 5. Plaintiff attached several exhibits concerning his medical condition, pictures of "dirty" work areas, and a copy

2

of Plaintiff's right to sue letter issued by the EEOC on March 14, 2012 (ECF No. 1-7).

DISCUSSION

The complaint does not identify a specific legal basis for Plaintiff's employment discrimination claim. Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2 (a). The elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *See Coleman v. Maryland Ct. of App.*, 626 F.3d 187 (4th Cir.2010); *White v. BFI Waste Servs*., LLC, 375 F.3d 288, 295 (4th Cir.2004). Even if the complaint is liberally construed to allege satisfactory job performance and adverse employment action, Plaintiff fails to allege discrimination based on a protected class or different treatment from similarly situated employees outside the protected class.

Plaintiff's complaint fails to allege sufficient facts to state a plausible Title VII claim or any other claim conferring federal question jurisdiction in this case. Plaintiff makes no allegations that the termination of his employment was due to discrimination against him based on his race, color, religion, national origin, or sex, in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964. Nor does Plaintiff specifically allege violation of his constitutional or statutory rights based on his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), or based on any disability, in violation of the Americans

3

with Disabilities Act ("ADA"), or based on the violation of any constitutional rights protected by 42 U.S.C. §§ 1981 or 1983, or any other federal law. The complaint contains no factual allegations that implicate the violation of a federal right. Plaintiff's complaint cannot reasonably be read to state a valid claim on which Plaintiff could prevail in federal court. Because Plaintiff fails to allege any facts to establish a plausible claim that Defendants violated Plaintiff's federal rights, the complaint should be summarily dismissed.

Additionally, the complaint contains no allegations against the individual defendants in this case, Daniel Baker and Kimberly Gregorio. Even if the complaint were amended to include allegations, individual defendants cannot be held liable under a Title VII claim because, as a matter of law, there is no individual liability for claims of discrimination asserted under Title VII. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177 (4th Cir.1998). The United States Fourth Circuit Court of Appeals has held that employees of a corporate defendant are not liable in their individual capacities for Title VII violations. *See id.* at 178–81; *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir.1999) ("Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.' "). The law is clear in this circuit that employees, supervisors, and agents of a company are not considered to be "employers" for purposes of Title VII liability. *See Jones v. Tyson Foods, Inc.*, 378 F.Supp.2d 705, 708 (E.D.Va. 2004); *Hooker v. Wentz*, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) (supervisors not liable in their individual capacities for Title VII violations). Accordingly, the named natural Defendants, Daniel Baker and Kimberly Gregorio, are entitled to summary dismissal of the complaint against them.

CONCLUSION

Based on the foregoing, the complaint should be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a claim upon which relief may be granted by this court.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

September 18, 2012
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).